**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GONZALEZ-MARCANO<br><br>    *Plaintiff*,<br><br>       v.<br><br>US AIRWAYS GROUP, INC. et al.<br><br>    *Defendants*. | CIV. NO. 11-2179 (PG) |

**ORDER**

On August 12, 2011, Brunilda González-Marcano (hereafter "Plaintiff") filed the above-captioned claim alleging that she fell and twisted her left ankle while she was a passenger on a US Airways flight from San Juan to Philadelphia. See, Docket No. 1. Plaintiff claims that two and a half hours after takeoff, she went to the bathroom located at the rear of the aircraft and, as she was returning to her seat, the plane began to shake vigorously due to turbulence. Plaintiff asserts that US Airways was negligent in failing to warn the passengers of the turbulence. See, Docket No. 1 at pgs. 3 and 4.

Plaintiff claims that once she made it back to her seat, a Flight Attendant approached her to assist her. See, Docket No. 1 at pg. 4. When the aircraft landed in Philadelphia, she received assistance from paramedics and, after the initial evaluation, was removed from the aircraft and taken by ambulance to the Emergency Room of the Methodist Hospital Division of Thomas Jefferson University Hospital. See, Docket No. 1 at pg. 4. At the hospital, she was diagnosed with a fractured left fibula and a brace was applied to her left leg. Plaintiff was also instructed to visit an orthopedic surgeon. See, Docket No. 1 at pgs. 4 and 5. According to Plaintiff's allegations, she then proceeded to visit the offices of the Rothman Institute, a group of orthopedic surgeons in

Philadelphia, where her condition was diagnosed as a left ankle distal fibula fracture. As a result, a stronger brace was applied to her leg and the doctors indicated that she should delay her return to Puerto Rico for two weeks to avoid deep venous thrombosis. See, Docket No. 1 at pg. 5.

Upon Plaintiff's return to Puerto Rico, she reported the accident to the State Insurance Fund and was referred to an orthopedic surgeon and prescribed physical therapy. She was discharged from the State Insurance Fund on April 6, 2011. See, Docket No. 1 at pg. 5.

Through the present case, the Plaintiff is seeking compensation for her injuries claiming that the Defendant, as a common carried by air, is subject to a standard of care that is higher than the ordinary care required in like circumstances.

On April 26, 2012 defendant filed a Motion to Dismiss pursuant to Rules 4(m), 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure. [Docket No. 14].

The parties convened for a status conference on June 19, 2013. At the conference, the Court raised some issues with respect to venue. Based upon the record and the issues discussed during the status conference and considering this Court's discretion under 28 U.S.C. § 1404(a),[1] the Court transfers this case to the United States District Court for the District of Philadelphia.

## I. DISCUSSION

Venue in the present action is premised on the general venue statute, 28 U.S.C. §1391. Under §1391(a)(1), a diversity action may be brought in "a judicial district where any defendant resides, if all

---

[1] 28 U.S.C. § 1404(a) (2011) states as follows:
    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

defendants reside in the same State."

In order to temper the effects of the general venue rule, Congress enacted the venue transfer statute, codified at 28 U.S.C. §1404. See, In re Volkswagen of America, Inc., 545 F.3d 304 (5th Cir. 2008). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." Id. at 313.

Section §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In Piper Aircraft Co. v. Reyno, 454 U.S. 235,254, 102 S.Ct. 252, the Supreme Court referenced the "relaxed standards for transfer" under section 1404(a).

This is a case about a plaintiff who claims she suffered a fall while on a plane bound for Philadelphia. She received initial care by the airline personnel[2] and was then examined and treated in a hospital in Philadelphia. After her diagnosis, she visited an orthopedic surgeon in Philadelphia and remained in the city for two weeks following the accident. In fact, the medical care that plaintiff received in Puerto Rico consisted mainly of physical therapy after all the initial assessment and treatment was done in Philadelphia.

Certainly, in light of these facts, the bulk of the evidence and the witnesses are found in Philadelphia. Although the Court acknowledges that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum...." Piper Aircraft, 454 U.S. at 255, 102 S.Ct. at 265-66, it is no less true than the choice of a home forum may be overcome when "the private and public interest factors clearly point towards trial in the alternative forum." Id. at 255, 102 S.Ct. at 266.

In this case, as expressed above, an analysis of the circumstances,

---

[2] Although no mention is made on the record of the home base of the crew of the US Airways flight where the plaintiff was a passenger, it would certainly be another determining factor if the base was Philadelphia or any jurisdiction besides Puerto Rico.

particularly the practicality of access of sources of proof, the availability of witnesses and the cost of attendance of witnesses, clearly favors Philadelphia as the proper venue.

## II. CONCLUSION

Pursuant to the foregoing, the Court exercises its discretion under 28 U.S.C. § 1404(a), and in the interest of judicial economy, orders the Clerk to transfer this case to the U.S. District Court for the District of Philadelphia. In accordance with the transfer of venue, the court suspends any and all pending deadlines. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. Finally, all pending motions are deferred to the transferee court.

**SO ORDERED.**

In San Juan, Puerto Rico, June 25, 2013.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> JUAN M. PÉREZ-GIMÉNEZ
> UNITED STATES DISTRICT JUDGE